Law Offices of Jared M. Lefkowitz
880 Third Avenue, 5th Floor
New York, NY 10022
T (212) 682-1440
F (917) 591-8991
JMLefLaw@Gmail.com
*Attorney for Plaintiff Hector Vargas*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
HECTOR VARGAS, on behalf of himself and others similarly situated,

Plaintiff,

- against -

ST MANAGEMENT GROUP, INC. and STEVE TENEDIOS,

Defendants.
-----------------------------------------------X

Case No.

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, on behalf of himself and others similarly situated, by and through his counsel Jared M. Lefkowitz, as and for his Complaint against the above named Defendants alleges as follows:

1. This is an action for damages and other available relief under the Internal Revenue Code, 26 U.S.C. §7434 because Defendants willfully filed fraudulent tax information returns with the Internal Revenue Service ("IRS").

2. As set forth below, Plaintiff was an employee of Defendants from 1996 through his termination in October 2026, and the entire time Defendants paid large portions of Plaintiff's salary in cash which payments were not reflected in the weekly pay-stub Defendants provided to Plaintiff, and which cash payments were also not included in the information return (W-2) Defendants provided to the Plaintiff and the IRS.

PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is an individual residing in the Eastern District of New York.

4. Defendant ST MANAGEMENT GROUP, INC. is a corporation organized and existing in the State of New York with a principal place of business at 22 East 41st Street, Suite 401, New York, NY 10017.

5. Defendant STEVE TENEDIOS is Defendant ST MANAGEMENT GROUP, INC.'s Chief Executive Officer with a business address at 22 East 41st Street, Suite 401, New York, NY 10017. Upon information and belief Tenedios exercises complete control over all matters involving Defendant ST MANAGEMENT GROUP, INC. and its employees, including Plaintiff and the Class.

6. This Court has subject matter jurisdiction pursuant to 26 U.S.C. 7434 and supplemental jurisdiction pursuant to 28 USC §1367.

7. Venue is proper based upon the residence of Defendants in this District and their business in this District.

8. Following the filing of this Complaint the IRS will be notified as the Internal Revenue Code requires at 26 U.S.C.§7434(d).

FACTUAL ALLEGATIONS

9. Defendants are in the business of operating a chain of market/cafe's throughout New York City.

10. Plaintiff was hired by Defendants in September 1996 as a line person at Defendants' 26 East 40th Street location in New York as an hourly employee.

11. Within 2 months of his hire Plaintiff was transferred to Defendants's 309 Madison Avenue location where he became the store manager and was no longer paid by the hour.

12. In 1999 Plaintiff was transferred back to the 26 East 40th location as a general manager in charge of a larger team that included a chef and a catering director.

13. From 1996 through his termination in October 2026 Plaintiff was given more and more responsibility as an hourly employee, to Manager, and then General Manager, supervising multiple locations.

14. From his hire in 1996 through 2006 Plaintiff was compensated entirely in cash with no pay-stub or withholdings, and no information returns filed by the Defendants with the IRS.

15. From 2007 through 2013 Plaintiff was compensated entirely in cash with no pay-stub or withholdings, and at the end of each year some of Plaintiff's compensation was included on a 1099 filed with the IRS.

16. The amounts on the 1099's each year did not include all of Plaintiff's cash compensation and were therefore willfully false.

17. From 2014 through his termination in 2026 Defendants began paying Plaintiff a portion of his compensation by check and a portion in cash.

18. The payments by check were on the books with a pay-stub reflecting applicable withholdings, and the payments by cash were made off the books without any pay-stub or withholdings.

19. The cash payments from 2014 through 2026 were not reflected in the annual information return (W-2) filed by the Defendants with the IRS.

20. A Form W-2 is an information return as defined by 26 U.S.C. §6724(d)(1).

21. The total cash payments received by Plaintiff were as follows:

| TIME FRAME | AMOUNT IN CASH |
|---|---|
| 1996-1997 | $600 / week |
| 1998 | $700 / week |
| 1999 | $800 / week |
| 2000 | $900 / week |
| 2001 - 2013 | $1,800 / week |
| 2014[1] - 2018 | $1,000 / week |
| 2018 - 2026 | $800 / week |

22. In his Managerial positions Plaintiff became aware that the Defendants' practice of paying employees partially by check on the books and partially in cash off the books was common for all types of employees, whether they be hourly employees or management.

23. Plaintiff also became aware that in many instances Defendants gave employees the option, at the employee's discretion, to accept a portion of their compensation off the books and not reflected in the pay-stubs or information returns.

24. All of the above such conduct by Defendants constitutes a voluntary and intentional violation of a legal duty, intentional wrongdoing, and was therefore willful.

25. Upon Plaintiff's termination, the Defendants presented Plaintiff with a severance agreement offering to pay him $12,500 in exchange for a general release, and Defendants promised an additional $12,500 in cash off the books.

[1]As noted above, from 2014 through his termination (and for the entirety of the statute of limitations period) Plaintiff began receiving a portion of his compensation on the books and a portion off the books.

26. Plaintiff has spoken to and is aware of at least three other of Defendants' employees spread out in multiple of Defendants' business locations who were paid partially in cash off the books and partially by check on the books, and in all such cases with fraudulent information returns.

27. Finally, as further evidence of Defendants' general policy and practice to voluntarily and intentionally violate a legal duty and willfulness, although Plaintiff is himself exempt from FLSA and related wage and hour claims and does not assert them herein, in his managerial positions Plaintiff became aware that Defendants routinely paid hourly employees entirely off the books, below the minimum wage, with no overtime or spread of hours, no pay-stub, and no information return.

28. Plaintiff has spoken to and is aware of at least six other of Defendants' employees spread out in multiple of Defendants' business locations who were paid entirely in cash off the books with no information returns filed.

## COLLECTIVE ALLEGATIONS

29. Plaintiff brings this action individually and on behalf of all other current and former employees who have been or were employed by the Defendants for up to the last six (6) years, through entry of judgment in this case (the "Collective Action Period") and who for whom Defendants willfully filed false information returns (the "Collective Action Members.")

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23, on behalf of all personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

31. All said persons, including Plaintiff, are referred to herein as the "Class."

32. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants, as well as the hours assigned and worked, the positions held, the rate of pay for each Class member. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

Numerosity

33. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

34. Although the precise number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class.

Commonality

35. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

A. Whether Defendants filed fraudulent information returns with the IRS as to Plaintiff and the Class;

B. Whether Plaintiff and the Class suffered increased tax liability on account of Defendants' filing of false information returns;

C. Whether Defendants issued accurate and complete pay-stubs to Plaintiff and the Class;

D. Whether Defendants' violations of the Internal Revenue Code were willful.

Typicality

36. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

37. All the Class members were subject to the same corporate policies of Defendants, as alleged herein. Defendants'corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

Adequacy

38. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by an attorney who is experienced and competent in representing plaintiffs in class actions and cases of this type.

Superiority

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of this litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common class-wide relief. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

40. Defendants and other employers throughout the state of New York violate the law sought herein to be enforced, and current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

COUNT I - 26 U.S.C. 7434

41. As set forth above, Defendants issued information returns every year, the information returns were fraudulent every year, and the Defendants willfully issued such fraudulent information returns every year.

42. Such conduct was willful and was in violation of 26 USC §7434, entitling Plaintiff and the Class to recover from Defendants the greater of $5,000 or: (1) any actual damages sustained as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment as follows:

A. Certification of this case as a collective action;

B. Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action members;

C. On Count I: the greater of $5,000 or: (1) any actual damages sustained as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees;

D. Costs and reasonable attorneys fees as permitted by statute;

E. Such other and further relief as the Court deems just and proper.

Dated: New York, NY
November 5, 2026

LAW OFFICES OF
JARED M. LEFKOWITZ

By jared lefkowitz

Jared M. Lefkowitz
880 Third Avenue, 5th Floor
New York, NY 10022
(212) 682-1440